■ ALBERT CANDREVA, Respondent, v ULTRA KOTE APPLIED TECHNOLOGY, LTD., et al., Appellants. [844 NYS2d 48]—

In an action, inter alia, to recover damages for breach of contract and unjust enrichment, and to recover in quantum meruit for services rendered, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Henry, J.), dated November 25, 2005, as denied that branch of their motion which was for summary judgment dismissing the second cause of action seeking to recover damages for unjust enrichment, and to recover in quantum meruit for services rendered.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the second cause of action seeking to recover damages for unjust enrichment, and to recover in quantum meruit for services rendered to the extent that the cause of action is predicated on the plaintiff's alleged entitlement to a share of the defendants' profits from the licensing of certain patents and the sale of certain machines, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a mechanic, sheet worker, and draftsman, helped to assemble certain machines for the defendants. The machines demonstrated a theory developed and patented by the defendant Joseph Frazzitta. Frazzitta testified, inter alia, that the patents were eventually licensed and sold for the sum of approximately $3,000,000, and that one of the machines was sold for the sum of $50,000.

"In order to make out a claim in quantum meruit, a claimant must establish (1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services" (*Martin H. Bauman Assoc. v H & M Intl. Transp.*, 171 AD2d 479, 484 [1991] [internal quotation marks omitted]). In opposition to the defendants' demonstration of their prima facie entitlement to

summary judgment, the plaintiff raised a triable issue of fact as to whether he is entitled to the reasonable value of his services in designing, building, and assembling the machines. He failed, however, to raise a triable issue of fact as to whether he is entitled to a share of the profits from the licensing of the patents or the sale of the machines. Miller, J.P., Skelos, Covello and McCarthy, JJ., concur.